UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

MICHAEL A. HAYS,                       )
                                       )
                Plaintiff,             )
                                       )
        v.                             )      No. 1:22-cv-00813-JPH-MKK
                                       )
MARION COUNTY SHERIFF,                 )
                                       )
                Defendant.             )

**ORDER DENYING PLAINTIFF'S MOTION
TO DISQUALIFY OPPOSING COUNSEL**

Plaintiff Michael Hays brings this action pursuant to 42 U.S.C. § 1983

based on allegations that his civil rights were violated when he was incarcerated

at the Marion County Jail.[1] Dkt. 1; dkt. 7. Mr. Hays' claims in this action relate

to his being detained for longer periods than authorized at the Jail in 2015, and

he claims that while he was part of a class action lawsuit related to claims of

over-detention, he "opted out" because he did not agree with the settlement

terms.[2] Dkt. 7. The Court screened Mr. Hays' complaint and allowed a claim to

---

[1] The Court notes that Mr. Hays is not incarcerated at this time and was not incarcerated
when he filed this action. Dkt. 1.

[2] Mr. Hays is referencing the class action, *Driver v. Marion Cnty. Sheriff et al.*, No. 1:14-
cv-02076-RLY-MJD. At the time Mr. Hays filed his complaint in this action, the *Driver*
action was pending final approval of the class action settlement following a fairness
hearing held on July 29, 2022, *see* dkt. 537. "This Court previously granted preliminary
approval of the Parties' Settlement Agreement, finding it fair, reasonable, and adequate,
and directing notice to the class of the proposed settlement, their rights to opt-out,
object, or to take part in the settlement" on December 28, 2021. *Id.* Mr. Hays filed this
action after this preliminary approval of settlement was granted and notice to the class
was directed.

The class was defined as: "All individuals who, from June 6, 2014, to the present, were
held in confinement by the Marion County Sheriff twelve (12) hours or longer after legal

proceed against the Sheriff. *Id.* The Sheriff has appeared in this action, by counsel, and filed his answer. Dkt. 10; dkt. 16; dkt. 19. Now before the Court is Mr. Hays' motion to disqualify opposing counsel "due to conflict of interest." Dkt. 34. For the reasons explained in this Order, Mr. Hays' motion is **DENIED**. Dkt. [34].

## I. Facts & Background

The Sheriff is represented by Anthony Overholt and Darren Craig of Frost Brown Todd L.L.P. ("FBT"). Mr. Hays states he has a history with FBT and identifies several points that he considers to be conflicts of interest. Dkt. 34 at 3.

First, Mr. Hays points to FBT's representation of his child's mother in child support proceedings. Specifically, Mr. Hays states that in September 2014 an attorney at FBT, who is not counsel in this case, represented the mother of one of Mr. Hays' children in child support court, and as a result, the judge in that court issued a warrant for his failure to pay child support. Dkt. 42 at 2. Mr. Hays states he received no notice that he was to be in court, and "his absence was enough for the Judge to side with FBT Law . . ., issuing said Warrant." *Id.* Later in February 2015, Mr. Hays was arrested pursuant to this warrant after being

---

authority for those detainees ceased due to the Sheriff's policies or practices of employing a computer system inadequate for the purposes intended with respect to the timely release of prisoners, including the Sheriff's policies or practices to: keep inmates imprisoned who the courts have released to Community Corrections for electronic monitoring; and the Sheriff's practice of operating under a standard allowing up to 72 hours to release prisoners who are ordered released," dkt. 517-1 at 1. The class period for purposes of settlement is June 6, 2014, to November 19, 2021. *Id.* at 2. The incidents alleged by Mr. Hays fit within this timeframe.

pulled over in a traffic stop, and he was taken to the Jail. *Id.* It is at this point that the time that he alleges he was wrongfully over-detained ensued, which forms the basis of his complaint in this action. *Id.*

Mr. Hays was then "made to miss" his February 2015 court date which resulted in another failure to appear warrant issued shortly after. *Id.* He states that the same attorney at FBT, who is not counsel in this case, represented his child's mother during this time. Mr. Hays was arrested in May 2015 pursuant to the failure to appear warrant. *Id.* He states this warrant was "only issued because of Hays' failure to appear in the child support court where FBT law . . . were present on February 19, 2015." *Id.*

Second, Mr. Hays states that he was a former client of FBT when it represented him in August 2020 in a matter regarding his minor daughter, and that he still owes the firm money. *Id.* at 3; dkt. 34 at 1-3.

Third, Mr. Hays contends that FBT has "deeply rooted ties to the Music industry" and may pose a conflict because Mr. Hays "is a signed artist" to many music labels. Dkt. 34 at 1-3.

Finally, Mr. Hays states that FBT represented the Sheriff in the *Driver* class action lawsuit beginning in December 2014, of which he was a member since May 2015, but later opted out to pursue his separate claims in this action. Dkt. 42 at 2-3.

## II. Legal Standard

"The general rule accepted by most federal jurisdictions is that only a current or former client has standing to seek disqualification of an attorney from

a matter pending before a court." *Mills v. Hausmann-McNally, S.C.*, 992 F. Supp. 2d 885, 891 (S.D. Ind. 2014). "Disqualification of an attorney is a 'drastic measure which courts should hesitate to impose except when absolutely necessary.'" *Id.* at 890 (quoting *Owen v. Wangerin*, 985 F.2d 312, 317 (7th Cir. 1993)). "The standards for disqualification of an attorney derive from two sources: Indiana's Rules of Professional Conduct and federal common law." *Leathermon v. Grandview Mem. Gardens, Inc.*, No. 4:07-cv-137-SEB-WGH, 2010 WL 1381893, at *8 (S.D. Ind. Mar. 31, 2010).

Rule 1.9 of the Indiana Rules of Professional Conduct provides in relevant part that:

> A lawyer who has formerly represented a client in a matter shall not thereafter represent another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client unless the former client gives informed consent, confirmed in writing.

Ind. R. Prof. Conduct 1.9(a). In addition, federal common law supplies standards for disqualification that are based upon the American Bar Association Code of Professional Responsibility Cannons 4 and 9. *See LaSalle Nat'l Bank v. Lake Cnty.*, 703 F.2d 252, 255 (7th Cir. 1983); *Analytica, Inc. v. NPD Research, Inc.*, 708 F.2d 1263, 1266-67 (7th Cir. 1983).

The standard for disqualification of an attorney in the Seventh Circuit is the "substantial relationship" test, which is "whether it could reasonably be said that during the former representation the attorney might have acquired information related to the subject matter of the subsequent representation." *LaSalle Nat'l Bank,* 703 F.2d at 255 (quoting *Cannon v. U.S. Acoustics Corp.*, 398

F. Supp. 209, 223 (N.D. Ill. 1975), *aff'd in part and rev'd in part*, 532 F.2d 1118 (7th Cir. 1976)). "If a substantial relationship is found, it is unnecessary for the movant to prove that the attorney in question actually received during the course of his former employment confidential information relevant to matters involved in the subsequent representation." *Id.* "The purposes of the substantial relationship test are (1) to prevent disclosure of client confidences; (2) to protect a client's interest in the loyalty of counsel; and (3) to prevent the appearance of conflict of interest that is difficult to dispel in the eyes of the public, the bench, and the bar." *Ramos v. Pabey*, No. 2:05-CV-189-PS-PRC, 2005 WL 2240036, at *4 (N.D. Ind. Sept. 13, 2005).

Generally, "for a court to grant a motion to disqualify counsel, a prior attorney-client relationship must exist between the moving party and the attorney(s) that party seeks to disqualify." *Lyman v. St. Jude Med. S.C., Inc.*, 423 F. Supp. 2d 902, 907 (E.D. Wis. Mar, 29, 2006). Motions to disqualify are treated with "extreme caution." *See Freeman v. Chi. Musical Instrument Co.*, 689 F.2d 715, 722 (7th Cir. 1982). Caution is warranted both because disqualification motions "can be misused as techniques for harassment," and because the consequences of disqualification are so grave—"destroy[ing] a relationship by depriving a party of representation of their own choosing." *Id.*

## II. Discussion

Mr. Hays argues that defendant's counsel must be disqualified because FBT represented his child's mother in state court and represents the Sheriff in the class action. Dkt. 34 at 1-5. Defendant's counsel responds that FBT "has

formerly represented a party adverse to Hays and currently represents the [Marion County Sheriff's Office] in a matter adverse to Hays" but that "[n]othing in the Rules of Professional Conduct prohibits a law firm from being adverse to a party in multiple matters." Dkt. 41 at 1. Mr. Hays has not provided any support to the contrary. Thus, the Court identifies no conflict of interest based on FBT's representation of adverse parties in multiple prior actions.

As it relates to the law firm's former representation of Mr. Hays himself, Defendant's counsel argues that Mr. Hays was a client of their firm "for less than two weeks" in an unrelated matter, and "that former representation does not disqualify" them from representing the Sheriff in this action. Dkt. 41 at 1-2. Defendant's counsel attested that attorney Justin Wiser accepted an engagement from Mr. Hays in August 2020, and the matter related to Mr. Hays' minor daughter—this representation was unrelated to the law firm's representation of Mr. Hays's child's mother in the child support matter in 2014-2015. Dkt. 41-1, ¶¶ 3-4 (Darren Craig Affidavit, "the engagements involved different children and matters pending in different counties"). Attorney Wiser resigned from the law firm shortly after he engaged Mr. Hays as a client and transitioned his practice and Mr. Hays' representation to his new firm. *Id.*, ¶¶ 5-7. Attorney Wiser did not file an appearance for Mr. Hays in that unrelated family law matter until November 2020, and when he did so, he did so as an attorney for his new law firm. *Id.*, ¶ 8.

The present suit against the Sheriff and Mr. Hays' unrelated family law matter do not meet the "substantial relationship test" such that disqualification

of defendant's counsel is warranted or appropriate. *See LaSalle Nat'l Bank*, 703 F.2d at 255. Moreover, Mr. Hays did not engage the same attorneys who appear as counsel in this action, and the attorney he did engage is no longer associated with the law firm relevant here. *See, e.g.*, Ind. R. Prof. Conduct 1.10 (Rule 1.9 imputes all conflicts of interest to all lawyers in the firm while they are associated with the firm. After a lawyer leaves his firm to join a new firm, however, Rule 1.10(b) governs).[3]

Finally, Defendant's counsel argues that Mr. Hays' references to the music industry ties of the law firm are too vague and do not provide a sufficient basis for disqualification. Dkt. 41 at 2. The Court agrees. Mr. Hays' speculation about FBT's involvement in the music industry does not support a finding that a conflict of interest exists.

To the extent that Mr. Hays is concerned his "witness list" may present another conflict of interest, dkt. 34; dkt. 34-1, the Court could not identify any FBT attorney on that list. Thus, it doesn't appear that any conflict would arise. However, the Court notes that the "witness list" attached as an exhibit to the

---

[3] Rule 1.10(b) in relevant part: "When a lawyer has terminated an association with a firm, the firm is not prohibited from thereafter representing a person with interests materially adverse to those of a client represented by the formerly associated lawyer and not currently represented by the firm unless . . . the matter is the same or substantially related to that in which the formerly associated lawyer represented the client; and . . . any lawyer remaining in the firm has information protected by Rules 1.6 and 1.9(c) that is material to the matter." Ind. R. Prof. Conduct 1.10(b). As discussed above, Mr. Hays' representation in the family law proceeding is not substantially related to this action, and he does not contend that defendant's counsel has any confidential information material to this matter such that Rule 1.10(b) invokes disqualification under these circumstances.

motion is not an official witness list filed with the court, so its relevance is negligible at this stage.

*  *  *

Simply put, Mr. Hays has not provided information regarding an actual conflict of interest. Mr. Hays never formed an attorney-client relationship with Defendant's counsel, nor is this matter substantially related to any other case in which Mr. Hays and FBT were both involved.  Moreover, Defendant's counsel are fully aware of their obligations under the Indiana Professional Rules of Conduct. If an actual conflict were to arise in this matter, the Court trusts that counsel would take the appropriate actions at that time.

### III. Conclusion

For the reasons set forth above, Mr. Hays' motion to disqualify opposing counsel, dkt. [34], is **DENIED.**

**SO ORDERED.**

Date: 6/8/2023

James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

MICHAEL A. HAYS
1020 S. Fleming St.
Indianapolis, IN 46241

Darren Andrew Craig
Frost Brown Todd LLP
dcraig@fbtlaw.com

Anthony W. Overholt
Frost Brown Todd LLP
aoverholt@fbtlaw.com