UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MICHAEL A. HAYS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:22-cv-00813-JPH-CSW |
| | ) |
| MARION COUNTY SHERIFF, | ) |
| | ) |
| Defendant. | ) |

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Michael A. Hays filed this civil action alleging that the Marion County Sheriff violated his constitutional rights by keeping him in custody for longer than was allowed on two separate occasions. The Marion County Sheriff has moved for summary judgment, arguing that Mr. Hays's claim in this case is barred by the judgment that was entered in the class action *Driver v. Marion County Sheriff,* Case No. 1:14-cv-02076-RLY-MJD. For the reasons that follow, the Sheriff's motion for summary judgment is **GRANTED**. Dkt. [20].

## I.
## Standard of Review

A motion for summary judgment asks the Court to find that a trial is unnecessary because there is no genuine dispute as to any material fact and, instead, the movant is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a). When reviewing a motion for summary judgment, the Court views the record and draws all reasonable inferences from it in the light most favorable to the nonmoving party. *Khungar v. Access Cmty. Health Network*, 985 F.3d 565,

572–73 (7th Cir. 2021). It cannot weigh evidence or make credibility determinations on summary judgment because those tasks are left to the factfinder. *Miller v. Gonzalez*, 761 F.3d 822, 827 (7th Cir. 2014). A court need only consider the materials cited by the parties, *see* Fed. R. Civ. P. 56(c)(3); it is not required to "scour every inch of the record" for evidence that could be relevant. *Grant v. Trs. of Ind. Univ.*, 870 F.3d 562, 573-74 (7th Cir. 2017).

"[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986). "[T]he burden on the moving party may be discharged by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Id.* at 325. A genuine issue for trial exists only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

## II.
## Factual Background

Because the Sheriff moved for summary judgment under Rule 56(a), the Court views and recites the evidence in the light most favorable to Mr. Hays and draw[s] all reasonable inferences in his favor. *Khungar*, 985 F.3d at 572–73.

In February 2015 and then again in May 2015, Mr. Hays remained detained in the Marion County Jail after his family members posted a bond for his release. Dkt. 20-1 at 3–4.

These claims were addressed in a class action in *Driver v. Marion County Sheriff, et al.,* Case No. 1:14-cv-02076-RLY-MJD (S.D. Ind.). The Complaint in *Driver* alleged that the policies and practices of the Marion County Sheriff caused class members to be detained in the Marion County Jail awaiting release for excessive periods of time, in violation of the Fourteenth Amendment. *Driver,* 1:14-cv-02076-RLY-MJD, dkt. 408 at 1.

The parties in *Driver* reached a class settlement, and the court entered a Preliminary Approval Order on December 28, 2021. Dkt. 30-1 at 1. That made claims from class members and exclusion requests due 120 days later, on April 27, 2022. Dkt. 33-1 at 12.

The settlement agreement defined the class as:

All individuals who, from June 6, 2014, to the present, were held in confinement by the Marion County Sheriff twelve (12) hours or longer after legal authority for those detentions ceased due to the Sheriff's policies or practices of employing a computer system inadequate for the purposes intended with respect to the timely release of prisoners, including the Sheriff's policies or practices to:

    keep inmates imprisoned who the courts have released to Community Corrections for electronic monitoring; and,

    the Sheriff's practice of operating under a standard allowing up to 72 hours to release prisoners who are ordered released.

Dkt. 20-2 at 2. Mr. Hays was a member of the class. Dkt. 20-1 at 3.

Under the settlement agreement, class members had to either (1) submit a claim form requesting a settlement check as provided by the settlement agreement or (2) properly opt out of the settlement and pursue a separate action. Dkt. 20-2 at 2 ¶ 4. The claim form reads:

> If you were overdetained at the Marion County, Indiana Jail between June 6, 2014, to November 19, 2021 you may be eligible for payment for each hour over 12 of detention following a release order or the payment of bail or bond, so long as there were no other warrants, holds, or detainers justifying your continued detention. Please submit this claim form only if you believe you fit this description.

Dkt. 33-1 at 9. Class members were required to make opt-out requests in writing:

> Exclusion/Opt-Out Requests: Class Members may elect not to be part of the Class and not to be bound by this Agreement (i.e., "opt-out"). To make this election, Class Members must mail or electronically submit a written request to the Claims Administrator stating: (a) the name and case number of the Lawsuit: *Driver v. Marion County Sheriff, et al.*, No. 1:14-cv-2076; (b) the full name, address, telephone number and date of birth of the person requesting exclusion; and (c) a statement that he wishes to be excluded from the Class and does not wish to participate in the settlement. Opt-out requests must be postmarked or electronically submitted no later than one hundred twenty (120) days after the entry of the Preliminary Approval Order.

Dkt. 20-2 at 6; dkt. 33-1 at 12 (class notice).

Rust Consulting, Inc. (Rust)—the class settlement administrator, dkt. 20-3 at ¶ 3—was required to evaluate each claim form submitted under criteria set forth in the settlement agreement:

> The Administrator shall evaluate each Claim Form to determine if it is a Valid Claim Form in accordance with the class definition and the following requirements:
> 1. The claimant is a Class Member identified on the Class Dataset;
> 2. The Claim Form must be accurately and completely filled out;

4

> 3. The Claim Form must be signed under penalty for perjury;
>
> 4. The claim submission must be postmarked or submitted electronically within one hundred and twenty (120) days after the entry of the Preliminary Approval Order;
>
> 5. The Claims Administrator shall confirm the claimant is a person listed on the Class Dataset by comparing a social security number and a date of birth contained in Plaintiffs' database.

Dkt. 20-2 at 4; dkt. 20-3 at 2–3, ¶ 5.

Mr. Hays submitted three claims, two online and one by mail. Dkt. 20-3 at 3, ¶ 6. Rust determined that Mr. Hays's claims met the class definition, but denied his claims based on analysis performed by the plaintiffs' retained experts.[1] *Id.* at ¶ 7. The record in this case does not explain how the experts reached this conclusion. Mr. Hays received notices from Rust dated October 12, 2022, informing him that he was determined ineligible for benefits under the Settlement. Dkt. 33-1 at 22-24.

Months before receiving those ineligibility notices, Mr. Hays attempted to opt-out by sending letters to Rust and class counsel. *See* dkt. 33-1 at 45-47; dkt. 33-1 at 15-19 (letters notarized on February 28, 2022, and certified mail receipt dated March 7, 2022).

Rust received three requests to opt out of the class-action settlement, from Dusten Murray, Summer M. Ullrich, and Lorenzo L Canada, Jr. Dkt. 20-4 at 4,

---

[1] "Plaintiffs' experts were able to identify 15,083 jail stays from June 1, 2014, through June 30, 2020, in which 13,430 Class Members were subject to detentions beyond 12 hours following the entry of a release order or the payment or posting of bond or bail with no holds, warrants, or detainers justifying the continued detention of the individual." Dkt. 30-1 at 5.

5

¶ 12. The district court entered final judgment in *Driver* on August 8, 2022, approving the parties' settlement agreement and directing payments from defendants to plaintiffs via a class administrator. Dkt. 20-2.

The Judgment recognized the three opt-outs that Rust received, but did not recognize Mr. Hays as a member that had opted out:

> Pursuant to Fed. R. Civ. Pro. 54 and 58, and in accordance with its Entry granting final approval of Parties' Settlement Agreement, the Court enters Final Judgment in this case on all claims and all parties. The Court excludes Dusten Murray, Summer M. Ullrich, and Lorenzo L. Canada, Jr., each of whom exercised their option to opt-out of the case. The Court directs Defendants to make available to the Claims Administrator $481,040 to pay valid claims; directs Defendants to pay Class Counsel attorney fees of $4,000,000 and expenses of $550,000 pursuant to the Settlement Agreement, which includes $20,000 class representative fees to each to the five class representatives.

*Driver,* 1:14-cv-2076-RLY-MJD at dkt. 540.

In April 2022, Mr. Hays brought this action alleging that the Sheriff overdetained him. Dkt. 1. The Sheriff moved for summary judgment, arguing that Mr. Hays is bound by the final judgment in *Driver*. Dkt. 20.

### III.
### Applicable Substantive Law

"[A] judgment in a properly entertained class action is binding on class members in any subsequent litigation." *Cooper v. Federal Reserve Bank of Richmond*, 467 U.S. 867, 874 (1984); *see Matsushita Elec. Indus. Co. v. Epstein,* 516 U.S. 367, 379 (1996) ("[A]ll members of the class . . . are bound by the judgment entered in the action unless . . . they make a timely election for exclusion."). This rule is based on the "doctrine of res judicata, or claim

preclusion, [which] 'protects the finality' of a judgment and 'prevents parties from undermining it by attempting to relitigate the claim.'" *McDonald v. Adamson*, 840 F.3d 343, 346 (7th Cir. 2016) (quoting *Palka v. City of Chi.*, 662 F.3d 428, 437 (7th Cir. 2011)). "Where it applies, it prohibits relitigation not only of claims already decided in a prior proceeding, but also those that could have been litigated in that proceeding based on the same operative facts." *Id.*

The three requirements for claim preclusion under federal law are: "(1) an identity of the causes of actions; (2) an identity of the parties or their privies; and (3) a final judgment on the merits" in the first lawsuit. *Bell v. Taylor*, 827 F.3d 699, 706 (7th Cir. 2016) (internal quotation omitted); *see also Ware v. Ill. Dep't of Corr.*, 827 F. App'x 579, 581 (7th Cir. 2020) ("The purpose of the defense of claim preclusion is to prevent parties from relitigating claims against those whom they previously sued[.]").

## IV.
## Discussion

The Sheriff argues that under the doctrine of *res judicata* or claim preclusion, the claims brought by Mr. Hays in this case are barred by the judgment in *Driver*. In response, Mr. Hays argues that he is not bound by that judgment because he opted out of the class.

### A. Elements of claim preclusion

#### 1.   Identity of the Causes of Actions

There is an identity of the causes of action because *Driver* and this case "arise out of a common core of operative facts"—the Sheriff's overdetention of

those in his custody during a specific time period.[2] *Bell*, 827 F.3d at 706; *Czarniecki v. City of Chi.*, 633 F.3d 545, 550 (7th Cir. 2011) ("Two claims are one for the purposes of res judicata if they are based on the same, or nearly the same, factual allegations." (citation and internal quotation marks omitted)). The claims that Mr. Hays brings in this case are based on the same facts that made him an eligible member of the class in *Driver*.

### 2. Identity of the Parties

The parties are the same in *Driver* and this case so long as Mr. Hays did not opt out of the class settlement. In *Driver*, the Marion County Sheriff was a defendant and the parties agree that Mr. Hays met the class definition and therefore was a member of the *Driver* class. Dkts. 30 at 3; 33 at 2; and 25 at 3 ("Defendant has admitted to the Court that Michael A. Hays, the Plaintiff, is in fact a class member.").

The parties dispute whether Mr. Hays opted out of the class settlement and therefore whether he was a party to the *Driver* judgment. The Sheriff argues that Mr. Hays did not opt out of the *Driver* class as shown by the *Driver* court's Final Judgment, which named the individuals who did opt out of the case without including Mr. Hays. Dkt. 30 at 2. In response, Mr. Hays argues that he

---

[2] The Screening Order states that the claim proceeding in this case is against the Marion County Sheriff based on the allegation that he maintained a policy or practice of unlawfully detaining, holding in custody or imprisoning inmates after his authorization to do so lapsed in violation of the Fourth and Fourteenth Amendments. Dkt. 7. Mr. Hays responded to the Screening Order stating he seeks to add damages of overdetention to his claim and providing additional facts related to the computer system the Sheriff used. Dkt. 11. This response does not change the underlying factual allegations which are that Mr. Hays was held in custody after his family posted bond.

did opt out by objecting to the settlement at the August 8, 2022, final approval hearing. Dkt. 33 at 2.

The *Driver* Final Judgment specifically "excludes Dusten Murray, Summer M. Ullrich, and Lorenzo L. Canada, Jr., each of whom exercised their option to opt-out of the case." Dkt. 20-5 at 2. The *Driver* Court therefore did not find that Mr. Hays had opted out of the settlement class, leaving him as a class member bound by the judgment. *See Matsushita Elec. Indus. Co.,* 516 U.S. at 379.

Moreover, Mr. Hays could not have opted out at the hearing he relies on because it was held after the deadline to opt out had passed. *See* dkt. 33-1 at 12. Mr. Hays nevertheless argues that he would not have been permitted to testify at the final approval hearing if he had not properly opted out. Dkt. 25 at 5. The opposite is true, however, because only Class Members who did *not* submit a timely written exclusion could object to the proposed settlement. Dkt. 33-1 at 13. Indeed, Judge Young described Mr. Hays's testimony as an objection:

> There was one putative class member who attended the Fairness Hearing and the Court allowed that person to speak. It appeared that he objected to the settlement although he had filed no formal objection. This person spoke of individual damages and stated that he had been advised by Class Counsel to exclude himself from the settlement and pursue his own litigation. The Court does not find that this person articulated any valid basis to object to the settlement.

Dkt. 30-1 at 11; Order Approving Class Action Settlement, *Driver,* dkt. 539 at ¶ 34.[3]

---

[3] Mr. Hays also argues that this civil action is evidence of his intent to opt-out, but this civil action does not comply with the process for opting out required in *Driver.*

9

Finally, Mr. Hays contends that he attempted to opt-out by letter mailed to Rust on March 7, 2022. *See* dkt. 33-1 at 15, 45-47. As described above, this argument is inconsistent with Mr. Hays's appearance at the fairness hearing as a member of the class. *See* dkt. 33-1 at 13. Regardless, the *Driver* judgment did not exclude Mr. Hays, and it is that judgment that must be enforced in later litigation. *See Devlin v. Scardelletti,* 536 U.S. 1, 14 (2002) ("[N]onnamed class members like petitioner who have objected in a timely manner to approval of the settlement at the fairness hearing have the power to bring an appeal."); *Matsushita Elec. Indus. Co.,* 516 U.S. at 379.

For example, in *Matter of Navistar MaxxForce Engines Mktg., Sales Pracs., & Prod. Liab. Litig.*, a class member argued that its continued litigation in another district should have been enough to show that it wanted to opt out, but the Seventh Circuit explained that it is for the judge presiding over the class action to detail how opting out is to be accomplished. 990 F.3d 1048, 1051-52 (7th Cir. 2021). Determining the number of opt-outs is a necessary step when considering a settlement agreement in a class action because it helps the judge to know the number of individuals involved and thus whether the settlement is appropriate. *Id.* at 1053. If Mr. Hays believed that he properly opted out by following the "mechanical rules" prescribed the Court in *Driver*, *id.*, he needed to raise that issue before Judge Young in that case.

Mr. Hays cites no legal authority that would give the Court the ability to modify the Judgment in *Driver*. Instead, "[a]ll members of the class … are bound by the judgment entered in the action unless, in a Rule 23(b)(3) action, they

10

make a timely election for exclusion." *Matsushita Elec. Indus. Co.,* 516 U.S. at 379; *see Matter of Navistar,* 990 F.3d at 1051 ("Class members must make an irrevocable choice: take their share of whatever the class receives, or take the outcome of a separate suit."). "[U]nder elementary principles of prior adjudication a judgment in a properly entertained class action is binding on class members in any subsequent litigation." *Cooper v. Fed. Rsrv. Bank of Richmond,* 467 U.S. 867, 874 (1984). Therefore, "[a] judgment in favor of either side [in a class action] is conclusive in a subsequent action between them on any issue actually litigated and determined, if its determination was essential to that judgment." *Id.* Because the *Driver* Judgment reflects that Mr. Hays did not opt out of the *Driver* class, he is a member of that class.

Accordingly, the identity of the parties requirement has been met.

### 3. Final Judgment on the Merits

The third and final requirement to establish claim preclusion is a judgment on the merits. A final judgment on the merits was issued in *Driver* on August 8, 2022. Class action judgments are binding whether reached by trial or settlement. *Devlin v. Scardelletti,* 536 U.S. 1, 10 (2002) ("[N]onnamed class members are parties to the proceedings in the sense of being bound by the settlement."). Thus, the final judgment on the merits requirement has been met.

Because all elements of claim preclusion are satisfied, Mr. Hays's claims are barred under the *Driver* judgment.

\* \* \*

Mr. Hays's frustration with the situation described in his filings is understandable. He was held in jail on two separate occasions even after his bail had been paid. And although he was a member of the class in the *Driver* class action that was brought on behalf of individuals who had been "overdetained," his claim for recovery from the settlement fund was denied and his attempts to opt-out were ineffective. But any challenges to the denial of his claims, the denial of his attempt to opt out, and the overruling of his objection to the settlement agreement had to be addressed in the *Driver* class action. In August 2022, the judge approved the class settlement agreement and entered final judgment, which Mr. Hays did not challenge. Under binding precedent that the Court is obligated to follow, Mr. Hays is bound by the judgment in the *Driver* class action, so the claims that he has brought in this case are foreclosed.

## V.
## Conclusion

The Sheriff's motion for summary judgment, dkt. [20], is **GRANTED**, and all other pending motions including docket numbers [47] and [51], are **DENIED as moot.**

Final Judgment will issue by separate entry.

**SO ORDERED.**

Date: 3/28/2024

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

MICHAEL A. HAYS
1020 S. Fleming St.
Indianapolis, IN 46241

All electronically registered counsel